# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| JOHNNIE T. WARREN | CIVIL ACTION NO. 5:15-cv-2707 |
|     FED. REG. #83519-022 | |
| VS. | SECTION P |
| | |
| | JUDGE ELIZABETH E. FOOTE |
| UNITED STATES OF AMERICA, | |
| ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Johnnie T. Warren, proceeding *in forma pauperis*, filed a series of pleadings herein on November 13, 2015.  Plaintiff is an inmate in the custody of the Federal Bureau of Prisons; he is incarcerated at the United States Penitentiary, Pollock, Louisiana, where he is serving a life sentence imposed following his 1991 convictions for first degree murder, attempted murder, and assault with a deadly weapon in the United States District Court for the District of Hawaii. *See United States of America v. Johnnie T. Warren*, 1:91-cr-00118; *U.S.A. v. Johnnie T. Warren*, 25 F.3d 890 (9th Cir. 1994). This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED.**

### *Statement of the Case*

On November 13, 2015, plaintiff filed a civil rights complaint (presumably pursuant to *Bivens*[1]) identifying as defendants John Francis Pikus, an F.B.I. agent, United States Magistrate

---

[1] *See Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* claim is a judicially created counterpart to a 42 U.S.C. § 1983 civil rights action and is properly brought only against federal officials who have allegedly denied a

Judge Tokairin of the District of Hawaii, Assistant United States Attorney Edward H. Kubo, Jr. of the District of Hawaii, Daniel Bent, United States Attorney for the District of Hawaii, and United States District Judge David Alan Ezra of the District of Hawaii. [Doc. 1, ¶III] All of these defendants were involved in the arrest, prosecution, and trial of the plaintiff in the criminal proceeding in Hawaii in 1991.

Plaintiff's Statement of Claim implies that he was arrested without probable cause (presumably by Agent Pikus) and thereafter the prosecutors and judges failed in their duty to ensure that federal laws be faithfully executed. With regard to these defendants plaintiff also implied that they were not entitled to immunity because they lacked subject matter jurisdiction. [Doc. 1, ¶IV]

Plaintiff prayed for jury trial and summary judgment "if the defendant(s) cannot show proof of slave ownership or proof of Article II, §3 'subject matter jurisdiction.' Request Res Juicata [sic] (q.v.) Fed. R. Civ. P. Rule 8(a); Uniform Probate Code §5-103. Injunctive & Punitive Damages in the total amount of: 150 M [One Hundred Fifty Million Dollars] in compensatory damages jointly & severally, against all Defendants each for $28 M. (Awarded Attorney fees $10,000,000.00, AND RELEASE OF THE BODY FROM CUSTODY!!!)" [Doc. 1, ¶V]

On the same date plaintiff filed a "Motion for Order of Protection, Pursuant to Rule 56 of the Federal Rules of Civil Procedure..." In this pleading plaintiff apparently seeks a temporary restraining order and temporary injunction, however, he did not articulate the object of the injunctive relief sought. [Doc. 3] He also filed a "Motion for an Order Compelling Disclosure

plaintiff's constitutional rights, in their individual capacities. *See Bivens*, 403 U.S. at 390–97.

2

and Discovery ...” which apparently seeks the production of “all exculpatory material and information...” from the defendants named above. [Doc. 4]

### Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it “lacks an arguable basis either in law or in fact.” *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is “based on an indisputably meritless legal theory.” *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead “enough facts to state a claim to relief that is plausible on its face.” *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. Venue

 Plaintiff sues the FBI Agent who apparently investigated and charged plaintiff with various federal offenses in Hawaii; he also sues the federal prosecutors who prosecuted him and the federal judges who were involved in his trial and ultimate adjudication and sentence in the

District of Hawaii. Generally, venue for *Bivens* claims is determined by 28 U.S.C. § 1391(b), which provides: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." *Stafford v. Briggs*, 444 U.S. 527, 544, 100 S.Ct. 774, 784, 63 L.Ed.2d 1 (1980). It appears that none of the defendants reside, or can be found in the Western District of Louisiana; indeed, it appears that they reside in the District of Hawaii, where the events giving rise to his claims occurred.

Title 28 U.S.C. §1406(a) provides, "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue is clearly inappropriate in the Western District of Louisiana. Further, transfer of this civil action to the District of Hawaii is not "in the interest of justice" since it is manifestly clear that plaintiff's claims would be subject to summary dismissal on the basis of absolute immunity (with respect to the judges and prosecutors) and *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...
>
> Thus, when a ... prisoner seeks damages in a [civil rights] suit, the district court

4

> must consider whether a judgment in favor of the plaintiff would necessarily
> imply the invalidity of his conviction or sentence; if it would, the complaint must
> be dismissed unless the plaintiff can demonstrate that the conviction or sentence
> has already been invalidated.

*Heck*, at 486-487.

In short, *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding convictions.  *Heck* was a 42 U.S.C. § 1983 case, but its rule applies with equal force to *Bivens* claims. *See Cardona v. United States*, 191 Fed. App'x. 327, 328 (5th Cir.2006) (dismissing a *Bivens* claim against federal prosecutors pursuant to *Heck* ); *Bounds v. U.S. District Court*, No. 06–0233, 2007 WL 1169377, at *7 (W.D. La. April 18, 2007) ("*Heck* was a Section 1983 case, but its rule applies with equal force to *Bivens* claims.").  *Heck* is also applicable to plaintiff's claims for injunctive or declaratory relief which, if granted, would necessarily imply the plaintiff's conviction or sentence is invalid. *See Kutzner v. Montgomery County*, 303 F.3d 339, 340–41 (5th Cir.2002), overruled on other grounds by *Skinner v. Switzer*, 562 U.S.521, 131 S.Ct. 1289 (2011).

### 3. Habeas Claims

Plaintiff also seeks his immediate release from custody. To the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus. See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).  Since plaintiff is a federal prisoner, his habeas corpus remedy must be asserted in either a Motion filed pursuant to

28 U.S.C. §2255 or a petition filed pursuant to Section 2241. The Section 2255 motion must be filed in the District of conviction.

The Section 2241 petition must be filed in the District of incarceration. Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001). The "savings clause" provides that a federal convict may file a writ of *habeas corpus* pursuant to §2241 if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000). Thus, while a Section 2241 petition could be properly filed in this District, it does not appear that plaintiff would be able to meet the other requirements of the savings clause.

In short, even if the Court were to construe plaintiff's pleadings as a collateral attack on his convictions and sentence, this Court would lack jurisdiction over the claims whether raised in Section 2255 or Section 2241.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's *Bivens* complaint be **DISMISSED** for the reason that venue of his complaint is improper, and, that with regard to plaintiff's request for his immediate release from custody, that said claims be **DISMISSED** for failure to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, February 16, 2016.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE